UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE:

PAULINO VILLANUEVA                                              CASE NO.: 15-80104
DEBTOR(S)                                                       CHAPTER   13

April 24, 2015
IMMATERIAL 1st PRE-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN

1.  *Debtor(s) have paid in $5,000.00 through month 3, April, 2015.   Debtor(s) propose to pay by   DIRECT PAY to the Chapter 13 Trustee, monthly plan payments of (increased to) $1,975.00 per month beginning month 4, May, 2015 and continuing through out the remainder of this 60 month plan.*   First plan payment is due on **2/27/2015**.   The Debtor submits all future income to the supervision and control of the Trustee for the execution of this Plan.

2.  **Claims to be paid *DIRECT* by the Debtor or *Other Party***:     None.

3.  **Claims to be surrendered:**   None.

4.  **Claims to be paid through the plan by Trustee:**

    **Administrative Claims and/or Adequate Protection Payments:**

    a.  **CHAPTER 13 TRUSTEE** shall receive approximately 10% of the plan payments.

    b.  **DAVID J. KLANN** has an attorney fee balance of ***$2,800.00 (Standard)*** in connection with the filing of the Bankruptcy Petition to be paid in full by the Chapter 13 Trustee as soon as funds are available and at Trustee's discretion.

    c.  **ADEQUATE PROTECTION CLAIMS** to be paid by Chapter 13 Trustee: See Paragraph 5.

5.  **Secured Claims to be paid by the Trustee:**

    Secured claims listed below will be paid as indicated below and prior to claims of lower priority indicated below:

    **CITIFINANCIAL** is secured with a **MORTGAGE ON DEBTORS HOME: 812 KINGS ROAD, LEESVILLE, LA 71446.**   Creditor shall have a long-term secured claim in the amount of ***$46,431.81*** @ **8.00%** interest per annum.   Trustee will pay the Debtor's home mortgage of **$503.00** per month.   This is a long-term debt and will survive the plan.   Thereafter, debtor will resume making mortgage payments directly to creditor.   **Pre-Petition ARREARAGE** in the sum of ***$0.00*** will be liquidated through the Plan. This plan envisions there to be fluctuations of house payments due to changing escrow payments.   **CITIFINANCIAL** shall send notice of any changes in payments to the Trustee and the debtor and debtor shall file an amended plan.

6.  **Unsecured Priority or Special Class Claims (not including Attorney/Trustee fees):**
    After secured claims are paid in full, the priority claims listed below will be paid prior to all claims of lower priority indicated below:

    **LA DEPT. OF REVENUE** is a **TAX DEBT** of the Debtor of which the amount of the claim is

**$25.00 @ 0.00%** interest per annum. The Trustee will pay as a **PRIORITY CLAIM** *$25.00,* during the plan. This debt will be paid in full in the plan.

**IRS** is a **TAX DEBT** of the Debtor of which the amount of the claim is *$29,762.92 @ 0.00%* interest per annum. The Trustee will pay as a **PRIORITY CLAIM** *$29,762.92* during the plan. This debt will be paid in full in the plan.

7. **General Unsecured Claims:**

   Unless listed above, all other claims: (1) listed on Schedule F as unsecured; (2) listed on Schedule D and E as undersecured; or (3) any general unsecured claim filed before the bar date with no objection filed, will be treated as General Unsecured Claims and will receive a minimum of 0% of the claims. **See Schedule F of the Petition for a list of unsecured creditors.**

8. **Executory Contracts:**

   None.

9. **Other Provisions:**

   a. Title to Debtor(s) property will revest at confirmation.
   b. Insurance to protect those creditors having secured claims will be provided;
   c. Pursuant to 11 USC 1325(a)(5)(B), Secured creditors will retain their lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law; or discharge under 1328. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.
   d. The Confirmation Order shall constitute a judgment avoiding any lien, whether by security or trust deed, mortgage, security agreement, judgment, operation of statue, or otherwise ("lien") to the extent that the lien does not attach to the value in debtor(s) property, as such value is set forth therein or determined by court, prior liens provided for in this plan and shall also avoid any lien to the extent the claim underlying such lien is not an allowed claim. Plan Confirmation shall void all judgments filed against the debtor(s) & that the holders of said judgments must execute releases of their judgments, which releases be prepared and submitted at the debtors' expense.

*\*ALL CHANGES ARE IN BOLD, ITALICS AND UNDERLINED. THIS PLAN SUPERCEDES ANY EXISTING PLAN/S. DEBTOR FILED AMENDED SCHEDULES A, B (removed auto exemption), C, D (reduced CitiFinancial Mortgage pursuant to POC, removed pre-petition mortgage arrears), E (reduced LA Dep't of Revenue pursuant to POC, increased IRS pursuant to POC), F (added IRS), I (increased Guardian Angel Income), J (added spouse), SUMMARY OF SCHEDULES & DECLARATION OF SCHEDULES. Monthly plan payments of (increased to) $1,975.00 per month beginning month 4, May, 2015 and continuing through out the remainder of this 60 month plan.*

*Immaterial Modification necessary to clarify priority payment to LA Department Of Revenue.*

IMMATERIAL 1st PRE-CONFIRMATION MODIFICATION OF CHAPTER
13 PLAN SUMMARY NOTICE DATE: May 15, 2015

                                **Respectfully Submitted:**

                                /s/David J. Klann
                                **DAVID J. KLANN ~ LA BAR #23162**
                                **Attorney, 607 S. 5TH Street, Leesville, LA 71446**
                                **Telephone: 337-238-1111    Fax: 337-238-2638**
                                **e-mail:   klannatty@klannatty.com**